RECEIVED

AUG 28 2019

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 3:19-cr-200-01-02 |
| | * | |
| | * | 18 U.S.C. §§ 1951(a), 924(c)(1)(A) |
| VERSUS | * | 18 U.S.C. § 922(g) |
| | * | 21 U.S.C. §§ 841(a)(1) & (b)(1)(D) |
| | * | |
| JAMARVIN K. JACKSON (1) | * | JUDGE TERRY A. DOUGHTY |
| JAMES R. BLACKSON (2) | * | MAGISTRATE JUDGE HAYES |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT 1
Interference with Commerce by Robbery
[18 U.S.C. § 1951(a) and 18 U.S.C. § 2]

On or about January 26, 2019, in the Western District of Louisiana, the Defendants, **Jamarvin K. Jackson** and **James R. Blackson**, each aided and abetted by the other, did unlawfully obstruct, delay, and affect commerce, and attempt to obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that **Jamarvin K. Jackson** aided and abetted by **James R. Blackson**, did unlawfully take and obtain personal property consisting of United States currency belonging to Lhariri, LLC dba Family Stop & Shop, from a Lhariri, LLC dba Family Stop & Shop employee against his will by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person, that is: by robbery,

while using, carrying, brandishing, and discharging a firearm, all in violation of Title 18, United States Code, Sections 1951(a) and 2. [18 U.S.C. § 1951(a) and 18 U.S.C. § 2].

## COUNT 2
### Use of a Firearm During and in Relation to a Crime of Violence
[18 U.S.C. § 924(c)(1)(A)(iii)]

On or about January 26, 2019, in the Western District of Louisiana, the Defendant, **Jamarvin K. Jackson**, did knowingly discharge, brandish, carry, and use a firearm, to wit: a Ruger P89 DC .9mm pistol, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery as set forth in **COUNT 1** of this Superseding Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). [18 U.S.C. § 924(c)(1)(A)(i)].

## COUNT 3
### Felon in Possession of Firearm
[18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about January 26, 2019, in the Western District of Louisiana, the Defendant, **Jamarvin K. Jackson**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to-wit: a Ruger P89 DC .9mm pistol, and ammunition, and the firearm and ammunition were in and affecting interstate commerce, did all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). [18 U.S.C. §§ 922(g)(1) and 924(a)(2)].

## COUNT 4
### Possession with Intent to Distribute Marijuana
[21 U.S.C. §§ 841(a)(1) and (b)(1)(D))]

On or about March 6, 2019, in the Western District of Louisiana, the defendant, **Jamarvin K. Jackson**, did knowingly and intentionally possess with intent to distribute marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(D). [21 U.S.C. §§ 841(a)(1) and (b)(1)(D)].

## COUNT 5
### Possession of a Firearm in Furtherance of a Drug Trafficking Crime
[18 U.S.C. § 924(c)(1)(A)]

On or about March 6, 2019, in the Western District of Louisiana, the Defendant, **Jamarvin K. Jackson**, did knowingly possess a firearm, to wit: a Ruger P89 DC .9mm pistol, and ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Possession with the Intent to Distribute Marijuana as set forth in **COUNT 4** of this Superseding Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A). [18 U.S.C. § 924(c)(1)(A)].

## COUNT 6
### Felon in Possession of Firearm
[18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about March 6, 2019, in the Western District of Louisiana, the Defendant, **Jamarvin K. Jackson**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to-wit: a Ruger P89 DC .9mm pistol, and ammunition, and the

firearm and ammunition were in and affecting interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).  [18 U.S.C. §§ 922(g)(1) and 924(a)(2)].

## FORFEITURE NOTICE

A.      The allegations in all counts are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

B.      Upon conviction of the controlled substances offense set forth above in this Superseding Indictment, the Defendant, **Jamarvin K. Jackson**, shall forfeit to the United States all of his interest in:

1.      Any property consisting of or derived from proceeds the Defendant obtained directly or indirectly as the result of said violations as set forth in this Indictment, which includes $1,760 seized by law enforcement; and

2.      Any property including firearms used or intended to be used in any manner or part to commit or facilitate the commission of the aforementioned violations.

C.      Upon conviction of the firearms offenses set forth above in this Superseding Indictment, the Defendants, **Jamarvin K. Jackson** and **James R. Blackson**, shall forfeit to the United States the following items:

1.      $805 in U.S. currency;

2.      a Ruger P89 DC .9mm pistol, and

3.      14 rounds of .9mm Winchester ammunition.

D.      If any of the property described above as being subject to forfeiture as a result of any act or omission of the Defendants:

1.      cannot be located upon the exercise of due diligence;

2.      has been transferred or sold to, or deposited with, a third person;

3.      has been placed beyond the jurisdiction of the Court;

4.      has been substantially diminished in value; or

5.      has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the Defendants up to the value of the property subject to forfeiture.

All in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d)(1) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

*REDACTED*

GRAND JURY FOREPERSON

DAVID C. JOSEPH
United States Attorney

CYTHERIA D. JERNIGAN
(MA Bar #657960)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Phone: (318) 676-3600
Facsimile: (318) 676-3663

Page 5 of 5