## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL No.: 3:19-cr-200-01** |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **JUDGE TERRY A. DOUGHTY** |
| **JAMARVIN K. JACKSON    (1)** | * | **MAGISTRATE JUDGE HAYES** |

### UNITED STATES' OPPOSITON TO DEFENDANT'S
### FOURTH MOTION TO SUPPRESS

NOW INTO COURT, comes the United States of America, through the United States Attorney and undersigned counsel, who respectfully opposes the Defendant, Jamarvin K. Jackson's, Fourth Motion to Suppress and states the following:

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

On January 26, 2019 at approximately 8:30 pm, the Family Stop and Shop convenience store located at 1403 Orange St was robbed at gunpoint. Members of the Monroe Police Department ("MPD") made contact with the store clerk who advised that a robbery had just occurred. Upon arrival, MPD made contact with the clerk who advised that he was standing behind the cash register when a black male wearing a gray hoodie, black pants, black ski mask and a black hand gun, came inside of the store and pointed a black, possibly 9mm, gun and shot at him one time. The clerk advised that the suspect then took approximately $900.00 in cash and left the store heading eastbound on foot.

MPD watched the store video surveillance and observed the suspect entering the store from the east end of the store. The suspect appeared to come from behind the store. The suspect was observed pointing a handgun at the clerk and taking cash out of the clerk's hands. The suspect then left the store heading eastbound behind the store on foot. The suspect was also wearing light color gloves during the robbery.

Responding MPD officers circulated the area for the suspect but was unable to locate him. MPD did recover a $100.00 bill from outside of the store that may have been the money the suspect took during the robbery. MPD was able to locate one 9mm shell casing from on top of the counter area, where the suspect shot from.

A review of the store surveillance video also revealed the presence and involvement of James Blackson, an individual known to MPD. Approximately one minute before the robbery, Blackson can be seen entering the store while carrying clothing on a hanger and talking on a cell phone. He walks around the store briefly (i.e., approximately 10 seconds) without purchasing anything and then leaves. Blackson walks to the west of the business as Jackson approaches from the back of the eastside of the convenience store. Law enforcement suspected that Blackson may have acted as a lookout for Jackson.

MPD conducted a post-*Miranda* interview of Blackson on February 7, 2019. Blackson denied any knowledge of involvement related to the Family Stop and Shop robbery that occurred on January 26, 2019. Subsequently MPD applied for and received a search warrant for Blackson's service provider, AT&T.

On February 18, 2019 at approximately 9:10 p.m., MPD responded to 1521 N 18 St. in reference to a battery that occurred in the 2500 block of Ferrand Street. Upon arrival, the victim reported that while at an apartment located in the 2500 block Ferrand Street, Jasmine Blair and Jamarvin Jackson hit her several times with a closed fist without her permission. The victim went on to provide details related to the physical assault to MPD. MPD observed a small cut to the inside of the victim's upper lip. MPD searched the area of Ferrand Street for Blair and Jackson but was unable to locate either at that time.

Later that same evening at approximately 10:00p.m., MPD was dispatched to 2701 South Grand Street regarding a shots fired call. MPD spoke with the 911 caller and other witnesses, who each reported hearing approximately four (4) to five (5) gunshots. The on-scene witnesses also advised MPD about the earlier incident, that a dark colored sedan was seen speeding North on South Grand Street after the gunshots were heard, and their belief that Jackson was connected to this shooting incident. A search of the area revealed four (4) 9mm Luger casings on Hippolyte Avenue lying in the roadway in front of 2701 South Grand Street. There was also a bullet hole through the back glass of a Nissan Maxima bearing LA tag 705BWD belonging to the mother of the victim in the 9:10p.m. incident earlier that evening. The path of the bullet traveled from the back windshield through the driver head rest and lodged into the AC vent. MPD was able to recover the lead bullet from the car. MPD collected the casings and bullet and logged them into evidence.

Four days later on February 22, 2019, NIBIN analysis of the shell casings revealed that the weapon used in the robbery of the Family Stop & Shop matched shell casings recovered from the scene of damage to property reported to MPD on February 18th in which a several gunshots were fired at a vehicle parked in the driveway of a residence on South Grand Street.

On February 27, 2019, MPD interviewed a victim from the February 18th assaults. According to the victim, she met Jackson around July 2018 and developed a relationship with him despite being married. She advised that she met Jackson's friend, James Blackson. She described Blackson as Jackson's best friend and that they always hung out together. According to the victim, she had seen Jackson in possession of a gun in his car describing an incident when the gun slid out from underneath his seat. She described the gun as black and some kind of millimeter. From that point forward, she claims to have regularly seen Jackson with a firearm. She also provided the phone number to Jackson's cell phone, adding that the phone number was the only number used by Jackson to contact her since she first met him in July of 2018.

MPD received the results of the Blackson cell phone search warrant following the victim's interview. A review of the cell phone activity revealed that at 8:03 pm a phone call was made by Blackson to Jackson. The duration of the call was 25 minutes and 38 seconds. When compared to the time stamp of surveillance footage from Family Stop & Shop, the phone call to Jackson began prior to Blackson arriving at the store and in the view of surveillance cameras and ends around the time that

Jackson enters the business. MPD also reviewed other information including social media postings related to Blackson and Jackson and their background.

Beginning on February 28, 2019, MPD sought and obtained a series of arrest and search warrants for Jackson and Blackson. Of note, MPD was granted an arrest warrant for Jackson on February 28, 2019 for armed robbery, conspiracy to commit armed robbery, and possession of a firearm by a convicted felon. The arrest warrant contained the 1401 Erin Street, Apartment 265 address along with Jackson's other personal identifiers. This affidavit identified two prior felony convictions Jackson: Negligent Homicide and Second Degree Battery along with other arrests for domestic violence and possession of controlled dangerous substances. Second, MPD was granted a search for 1401 Erin Street, Apartment 265 on March 1, 2019 by the same judge that authorized the arrest warrant the previous day. The search warrant also applied to the vehicle registered to the defendant, a gray 1998 Grand Marquis, which was recently observed by members of MPD parked in the parking lot outside of 1401 Erin Street apartment.

Now before the court is the defendant's Fourth Motion to Suppress Jackson's Arrest Warrant and Request for a Frank's Hearing. Doc. Nos. 69. Specifically, the defendant contends the was defective and lacking in probable cause. Id. For reasons discussed below, the defendant's request and motion should be denied.

## II. LAW AND ARGUMENT

### A. February 28th Affidavit Articulated Probable Cause for Multiple Violations of Law by Jamarvin Jackson

Taking the facts stated in the affidavit as true, MPD established probable cause to arrest Jackson wherever found.[1] See Doc. No. 69, pps. 8-12; United States v. Morris, 477 F.2d 657, 662 (5th Cir. 1973). Probable cause means "nothing more than a reasonable basis for belief of guilt. Enough evidence to support a conviction is not required. Id. In this case as will be established during the evidentiary hearing, the affidavit establishing probable cause to arrest Jackson was a culmination of eyewitness reports, forensic evidence, surveillance video, and more. MPD worked for weeks to develop and identify suspects in the armed robbery of the convenience store and the subsequent assaults that were reported in mid-February 2019. The latter February 2019 assault involved a firearm given the bullet holes in the innocent victim's car. It is common sense that firearms, unlike drugs, are durable goods and are useful to the owners for long periods of time. United States v. Singer, 934 F.2d 758, 763 (7th Cir. 1991). Gun owners typically do not shoot their firearms only once and then discard them. Jackson's role in the aggravated assault occurring on South Grand Street provided evidence establishing his identity as the armed robber of the Family Stop & Shop and established probable cause to believe that he was still in possession of evidence related to the armed robbery i.e., the gun. Therefore, it cannot be credibly maintained that the facts articulated in the affidavit were insufficient.

---

[1] The Government incorporates by reference its *in globo* Opposition to the Defendant's prior Motions to Suppress as though stated fully herein. See Doc. No. 66.

The arrest warrant affidavit makes clear that MPD had developed sufficient evidence of the defendant's probable involvement in an armed robbery and possession of a firearm by a convicted felon.

On the other hand, a warrantless arrest is valid if probable cause exists that the defendant has committed a crime. Morris, 477 F.2d at 663; United States v. Hairston, 2014 WL 462480, *7 (N.D. Ga. 2014). Assuming arguendo, the court finds errors in the affidavit in support of the arrest warrant, the then known facts and evidence nonetheless established probable cause to arrest him.

### III. CONCLUSION

For the foregoing reasons, all evidence should be admitted. The Government will present testimony and evidence during the evidentiary hearing to rebut the contentions in the defendant's motion to suppress the arrest warrant. Therefore, the Government requests that the motion to suppress be denied.

Respectfully submitted,

DAVID C. JOSEPH
United States Attorney

  /s/ Cytheria D. Jernigan
CYTHERIA D. JERNIGAN
(MA Bar #657960)
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Phone: (318) 676-3600