UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ************************************ * <br> **UNITED STATES OF AMERICA**            * <br>            * <br> **VERSUS**            * <br>            * <br> **JAMARVIN K. JACKSON**            * <br>            * <br> ************************************ | **CASE NO. 3:19-CR-00200-01** <br><br> **JUDGE DOUGHTY** <br><br> **MAGISTRATE JUDGE KAREN L. HAYES** |

### DEFENDANT'S OBJECTIONS TO THE
### MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

NOW INTO COURT, comes Defendant, JAMARVIN K. JACKSON, by and through undersigned counsel who respectfully objects to the Report & Recommendation (R & R) issued in connection with his motions to suppress in accordance with Federal Rules of Criminal Procedure 59(b)(2) and 59(b)(3), as follows:

1. Defendant objects to the R & R's conclusion that a sufficient nexus was established between the place to be searched and the evidence sought. In finding such nexus, the R & R states that "the magistrate is permitted to draw common sense conclusion from the facts alleged in making a probable cause determination." (citing *United States v. Chambers*, 132 Fed. Appx. 25, 30 (5th Cir. 2005)). However, as cited in the memorandum in support of Defendant's first motion to suppress, "<u>nothing</u> in the affidavit or the search warrant ties <u>any</u> suspected criminal activity to apartment 265."[1] And, while the R & R cites numerous reasons for the police to have believed that Defendant was located at apartment 265 [R & R, p. 7], <u>none</u> of this factual information known to the police made it into the affidavit for the magistrate's consideration.

---

[1] *See* Defendant's Memorandum of Points and Authorities in Support of Motion to Suppress and Request for *Franks* Hearing [doc. # 63] (hereinafter, "Memorandum"), p. 3.

1

In finding a nexus, the R & R cites the cases of *United States v. Ricks*, 2016 WL 7048282 (E.D. La. Dec. 5, 2016), and *United States v. Triplett*, 684 F.3d 500 (5th Cir. 2012), for the proposition that "where … the warrant was issued by a state magistrate the federal 'four corners rule' requiring that either the affidavit or recorded oral testimony alone establish probable cause does not apply." (citing *United States v. Ricks*, 2016 WL 7048282, at *6). It is noteworthy that the *Ricks* case is from a federal district different from that of the present case. Further, this issue was not raised on appeal and was therefore not addressed by the Fifth Circuit in its 2019 opinion. *See United States v. Ricks*, 2019 U.S. App. LEXIS 15130 (5th Cir. La., May 22, 2019).

The *Ricks* district court opinion relied upon in the R & R cites the *Triplett* case's holding that the four corners rule did not apply because in that case a state judge issued the search warrant instead of a federal judge. *See Ricks*, 2016 WL 7048282, at *16. *Triplett's* <u>only</u> reference to this principle of law is in a footnote that states "[a]s the issuing authority was a state judge in Mississippi, the federal 'four corners rule' requiring that either the affidavit or recorded oral testimony alone establish probable cause does not apply." *Triplett*, 684 F.3d 506, n.3 (5th Cir. 2012) (citing *United States v. Chew*, 1 F.3d 1238, at *2 (5th Cir. 1993). *Chew* held:

> Under Mississippi law, unrecorded oral testimony may be considered with the affidavit in determining probable cause. *Wilborn v. State*, 394 So.2d 1355, 1357 (Miss.), cert denied, 454 U.S. 839, 102 S. Ct. 146, 70 L. Ed. 2d 121 (1981). Mississippi law obviously is contrary to the federal 'four corners' rule that requires the information necessary to support probable cause to be contained in the affidavit or in recorded oral testimony. Because federal requirements do not apply to state search warrants, the district court properly considered Hart's testimony. *United States v. McKeever*, 905 F.2d 829, 832 (5th Cir. 1990).
> *Chew*, 1993 U.S. App. LEXIS 41105, at *4-5.

The sole case relied upon in *Chew* for this principle is *McKeever*. However, *McKeever* does not state that "federal requirements do not apply to state search warrants." *McKeever* was limited to the issue of whether Federal Rule of Criminal Procedure 41 applied only to warrants issued at the request of a federal officer. *See McKeever*, 905 F.2d at 833. The *Chew* opinion

greatly overstated the holding of the case it relied upon. Further, the *Chew* opinion asserts that itself is an opinion of "no precedential value" and was therefore unpublished by the Fifth Circuit. *See Chew*, 1993 U.S. App. LEXIS 41105, at 1, n. "*".

It is important to note that, unlike the Mississippi law addressed in Chew which is contrary to the federal "four corners" law, in Louisiana "[a] search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant." La. C.Cr. P. Art. 162. The Louisiana Supreme Court has held that:

> [a] comparison of this article with its source provisions (LRS 15:42-44) now leaves no doubt but that a search warrant can legally issue in this state only when an affidavit has been submitted to the judge and such affidavit recites facts which satisfy *him, the judge, not the affiant,* that probable cause exists for its issuance. That the affirming officer was *aware* of facts which, if alleged in his affidavit, would have shown probable cause is of no moment.
> The clear and unmistakable language of Article 162 requires, as aforestated, that such facts *be contained in the affidavit;* it does not contemplate that the affiant should perform the function of determining what is probable cause. If we were to permit such affiant to bolster an affidavit and warrant by later testifying (when they are challenged) as to other information which he had at the time (but not revealed in the affidavit), the judge would then become merely a rubber stamp for the investigating officer; and we would defeat the very purpose sought to be achieved by requiring the use of search warrants which is that "probable cause must be determined by a 'neutral and detached magistrate,' and not by 'the officer engaged in the often competitive enterprise of ferreting out crime.' *Johnson v. United States*, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948). * * *" See *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.
> *State v. Wells*, 253 La. 925, 931-32 (La. 1969) (emphasis in original).

> It is well settled that <u>the affidavit</u> must recite facts establishing to the satisfaction of the judge, not the affiant, that probable cause exists for the issuance of the search warrant. *State v. Paciera*, 290 So.2d 681 (La. 1974); *State v. Holmes*, 254 La. 501, 225 So. 2d 1 (1969); *State v. Wells*, 253 La. 925, 221 So.2d 50 (1969).
> The factual information which is the foundation for the determination of probable cause <u>must be contained in the affidavit</u>. *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); La. C.Cr. P. Art. 162.
> *State v. Flood*, 301 So.2d 637 (La. 1974) (emphasis added).

3

> <u>The obvious purpose of the "four corners" doctrine is to require an officer seeking a search warrant to reveal, at the time of the issuance of the warrant, all information that he possesses bearing on the probable cause determination to be made by the magistrate</u>, thereby preventing the potential for abuse by the officer's questionable supplementing of that information when the warrant is challenged after the search and seizure. <u>Restricting the court reviewing the warrant to the information contained within the four corners of the affidavit</u> eliminates subsequent failures of memory or swearing contests as to when later revealed information came into the possession of the police.
> *State v. Barrilleaux*, 620 So.2d 1317, 1321 (La. 1993) (emphasis added).[2]

Unlike the Mississippi law cited in *Chew*, Louisiana law is <u>not</u> "contrary to the federal 'four corners' rule that requires the information necessary to support probable cause to be contained in the affidavit or in recorded oral testimony." In fact, Louisiana has specifically implemented the four corners doctrine via statute (La. C.Cr. P. Art. 162). The R & R mentions that the same magistrate signed an arrest warrant for Defendant the day before the search warrant and affidavit were presented (and thus asserts the magistrate must have been aware of additional facts in the previous affidavit which tended to establish a nexus for the subsequent search warrant), but this fails to comply with Louisiana's statutory requirement restricting a magistrate's review to information presented within the affidavit presented at the time. The four corners rule is required by federal law and the law of the state of the alleged offenses. It should be followed in this case.

As mentioned in Defendant's memorandum in support of his first motion to suppress, Detective Crowder did not appropriately word the search warrant affidavit to establish the required nexus, and this was seemingly acknowledged by both the Government[3] and within the R & R.[4]

---

[2] Note that the *Barrilleaux* case recognized an exception to La. C.Cr. P. Art. 162 in cases where a police officer "for some good reason" orally relays to the magistrate information not contained in the affidavit prior to the signing of the warrant. *See State v. Cain*, 670 So.2d 515, 524 n.16 (La. App. 4 Cir. 1996). But that is not the case here. Detective Crowder admitted that he drafted the affidavits and warrants at issue and that he did not consult with anyone prior to those documents going final. [*See* Transcript, p. 135, 137]. There was no evidence introduced at the hearing that he held any conversations with the magistrate outside the four corners of the search warrant affidavit which would render the *Barrilleaux* exception operable, yet it was the Government's responsibility to prove this, as it bears the burden of establishing the applicability of the good faith exception. *See United States v. Gant*, 759 F.2d 484, 487 (5th Cir. 1985).
[3] In the Government's Opposition to Defendant's Motions to Suppress, the Government conceded that "the affidavit for the residential search warrant could have been written more clearly in some respects."
[4] *See* R & R, p.15 ("…even if the affidavit itself failed to include *direct* facts to indicate that Jackson lived at 1401

The bottom line is if Detective Crowder wanted the magistrate to consider additional facts at the time the magistrate contemplated the search warrant, then Detective Crowder could and should have put those facts in the affidavit. He did not, and the remedy for this should be a finding that the nexus requirement has not been met.

  Additionally, the facts of *Ricks*, *Triplett* and *Chew* are all significantly different than the facts in the present case and undermine those cases' usefulness. In *Ricks*, the defendant was accused of dealing drugs from his home. The affidavit presented to the magistrate detailed "hand-to-hand transactions performed by Mr. Ricks on the porch of the home" to authorize entry into the home itself. *See Ricks*, 2016 U.S. Dist. LEXIS 167328, at 15. In *Triplett*, the defendant charged with possession of child pornography sought to suppress a search warrant for a lack of probable cause. The court found that the affidavit contained "important information" that included "a statement from [the defendant's] wife that her husband 'had recently changed the hard drive on his computer,'" which established a nexus to the location of the computer and justified its seizure. *See Triplett*, 684 F.3d 506, at 502-03. In *Chew*, the defendant attempted to suppress seizure of drugs from his house, alleging that "the search warrant did not plainly identify his house as his residence." *See Chew*, 1993 U.S. App. LEXIS 41105, at 4. However, the warrant in that case specified that "the place described above is occupied and controlled by [the defendant]." *Id*. The facts of each of these relied-upon cases are dissimilar from the present case, as each of those cases involved an affidavit and/or warrant that established the likelihood of the presence of the defendant at the location to be searched. However, as stated in Defendant's memorandum supporting his first motion to suppress:

> [T]he affidavit did not state that apartment 265 was a residence of Defendant nor did it state that he was in any way otherwise connected to that residence. The affidavit did not state that a crime had occurred at apartment 265. The affidavit

---

Erin Street, Apt. 265 ….") (emphasis in original).

> likewise failed to state any fact which could remotely connect apartment 265 to the armed robbery. Based on the plain language on the face of the affidavit, there is no more of a likelihood that a search of apartment 265 would have turned up evidence of an armed robbery than would have a search of any location identified by placing a pin on a map while blindfolded. Probable cause requires more than this.[5]

The other three cases cited as authority by the *Ricks* district court opinion relied upon by the R & R were also significantly factually different than the present case. In *United States v. Procopio*, 88 F.3d 21 (1st Cir. 1996), the court held that it could lawfully look outside the four corners of the affidavit " … so long as the affidavit itself asserts a link between the suspect and the address …." *Id*. at 28. The search warrant affidavit in the present case does not establish this required link. In *United States v. Owens*, 848 F.2d 462 (4th Cir. 1988), the affidavit specifically stated that the defendant resided in the apartment intended to be searched. *See Id*. at 465. The question there was in regard to a factual error from utility company records which misidentified the apartment number to be searched, although the warrant identified the proper building and floor, and there were only two apartments on that floor, only one of which was inhabited. *See Id*. The affidavit in the present case goes well beyond such a minor factual error. Here, the affidavit failed to link the defendant to apartment 265 in any way whatsoever. In *United States v. Martin*, 297 F.3d 1308 (11th Cir. 2002), the court held "the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Id*. at 1314. (citing *United States v. Marion*, 238 F.3d 965, 969 (8th Cir. 2001). The court found that the affidavit in *Martin* "sufficiently link[ed] the criminal activity" to the residence to be searched because it stated that the crime was committed by the occupants of the listed apartment (of which the defendant was one) while actually inside the apartment. *See Id*. at 1315. In the present case there was no criminal activity linked to the apartment by the affidavit and there

---

[5] *See* Memorandum, pp. 4-5.

6

was no mention of criminal activity occurring there. "Facts must exist *in the affidavit* which establish a nexus between the house to be searched and the evidence sought." *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982) (emphasis added). The errors in the present case were substantive, not clerical. The above cases therefore should offer no authority for deviating from the four corners rule in a case as egregious as this where there the affidavit conveys no nexus whatsoever between the place to be searched and the evidence sought. As such, the Defendant also objects to the R & R's contention that "[t]he oversight certainly was not glaring enough for the state court judge to discern it." [R & R, p.16].

   2. The Defendant objects to the R & R's finding that the *Leon* good faith exception applies here and objects to the R & R's finding that the Government met its burden in establishing the applicability of the good faith exception. As set forth above and in Defendant's memorandum in support of his first motion to suppress and his post-hearing memorandum, all four of the scenarios warranting suppression described in *United States v. Leon*, 468 U.S. 897, 923, 104 S. Ct. 3405 (1984), apply in this case: 1) The search warrant affidavit contained information misleading to the magistrate that Detective Crowder recklessly included in it.[6]; 2) The magistrate's actions here amounted to a prohibited "rubber stamp." No reasonable magistrate would have issued a search warrant based on an affidavit such as this, and Detective Crowder, as a well-trained police officer, could not have reasonably relied upon the resulting search warrant.[7]; 3) The police officers could not manifest good faith in relying on the search warrant because it was "bare bones" (*i.e.*, it was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.").[8]; and 4) The search warrant was so facially deficient that the executing officers

---

[6] *See* Memorandum, pp 21-26; Post Hearing Memorandum [doc. # 80], pp. 3-5.
[7] *See* Memorandum, pp. 7-8.
[8] *See* Memorandum, pp. 6-7; Post Hearing Memorandum, p. 5.

7

could not reasonably presume it to be valid.[9]

       3. The Defendant objects to the R & R's failure to find that the magistrate who issued the search warrant did not have a substantial basis to conclude there was probable cause to support the warrant. For the numerous reasons previously mentioned, the search warrant lacked probable cause. The affidavit failed to provide the magistrate with a substantial basis for concluding that probable cause existed to search apartment 265.[10]

       4. The Defendant objects to the R & R's failure to find that the exclusionary rule applies here to operate to suppress all illegally seized evidence. Because the good faith exception does not apply, and because the magistrate who issued the search warrant did not have a substantial basis to conclude there was probable cause to support the warrant, all evidence seized pursuant to the search warrant should be suppressed.[11] Further, because "the exclusionary rule is not an individual right"[12] and because the judicial officer issuing a search warrant must "weigh the practical necessities of law enforcement against the likelihood of a violation of the personal rights of the one whose premises and possessions are to be searched,"[13] the personal rights of Jasmine Blair and her infant child should have been considered by the magistrate before issuance of the search warrant to search their residence.[14]

       5. The Defendant objects to the R & R's failure to find that the search warrant was a "general warrant" in violation of the particularity requirement. Defendant further objects to the R & R's finding that the search warrant sufficiently incorporated the affidavit by reference. The R & R found sufficient incorporation by reference in that the "page numbers on the affidavit and

---

[9] *See* Memorandum, pp. 12-19; Post-Hearing Memorandum, pp. 2-3, 5-6.
[10] See Memorandum, pp. 3-8; Post Hearing Memorandum, pp. 1-6.
[11] See Memorandum, pp. 8-10; Post Hearing Memorandum, p. 6.
[12] *Herring v. United States*, 555 U.S. 135, 141, 129 S. Ct. 695, 172 L. Ed. 2d 496 (2009).
[13] *United States v. Cook*, 657 F.2d 730, 733 (5th Cir., 1981).
[14] *See* Memorandum, pp. 8-10.

warrant are numbered as part of one whole document." [R & R, p.22] However, nothing in the search warrant specifically "direct[s] the executing officers to refer to the affidavit for guidance concerning the scope of the search and hence does not amount to incorporation by reference." *United States v. George*, 975 F.2d 72, 78 (2d Cir. 1992).[15] There was no valid basis for the "any and all" and "including but not limited to" language in the search warrant. Because a more specific description was available, it should have been used.[16]

6. The Defendant objects to the R & R's conclusion that the search warrant was not stale. The search warrant was issued over one month after the armed robbery alleged in the Superseding Indictment. Nothing regarding the character of the evidence of the armed robbery sought in the warrant indicates that such evidence could still objectively be believed to be in Defendant's possession over a month later.[17] The R & R states that "a handgun is evidence that a suspect reasonably could be expected to keep at his residence long after a crime," but *see United States v. Steeves*, 525 F.2d 33 (8th Cir. 1975) ("Obviously, a highly incriminating or consumable item of personal property is less likely to remain in one place as long as an item of property which is not consumable or which is innocuous in itself or not particularly incriminating."). *Id*. at 38.

7. The Defendant objects to the R & R's failure to recommend suppression of the evidence obtained from Defendant's vehicle. The search of the vehicle lacked probable cause, the affidavit was stale, the search warrant used to search the vehicle was a general warrant, and the affidavit supporting the search of the vehicle was not incorporated by reference into the search warrant nor was it presented to Defendant at the time of the search.[18]

8. The Defendant objects to the R & R's failure to recommend suppression of the DNA

---

[15] *See also* Memorandum, pp. 17-18.
[16] *See* Memorandum, pp. 12-19; Post Hearing Memorandum, pp. 2-3.
[17] *See* Memorandum, pp. 10-12.
[18] See Memorandum, pp. 19-21.

evidence seized from Defendant pursuant to a search warrant. This seized evidence was taken in violation of the Fourth Amendment of the U.S. Constitution and *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963) and its progeny, as the search which yielded the seized DNA evidence is fruit of an illegal search and seizure. Further, the search warrant which authorized the seizure of Defendant's DNA evidence was constitutionally deficient in that it lacked particularity by failing to properly incorporate the affidavit by reference, which is in-itself a basis to invalidate the search. *See United States v. George*, 975 F.2d 72, 78 (2d Cir. 1992); *see also Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004) 557-58.[19]

9. The Defendant objects to the R & R's failure to recommend suppression of the evidence obtained through the seizure and examination the contents of Defendant's cell phone pursuant to a search warrant issued on March 8, 2019. The cell phone evidence seized from Defendant was therefore taken in violation of the Fourth Amendment of the U.S. Constitution and *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963) and its progeny, as the search which yielded the seized cell phone evidence is fruit of an illegal search and seizure. Further, the search warrant which authorized the seizure and examination of Defendant's cell phone was constitutionally deficient in that it lacked particularity by failing to properly incorporate the affidavit by reference, which is in-itself a basis to invalidate the search. *See United States v. George*, 975 F.2d 72, 78 (2d Cir. 1992); *see also Groh v. Ramirez*, 540 U.S. 551, 557-58 (2004) 557-58.[20]

10. The Defendant objects to the R & R's failure to recommend suppression of Defendant's arrest pursuant to the arrest warrant signed on February 28, 2019, and executed on March 6, 2019.

---

[19] *See* Defendant's Second Motion to Suppress [doc. # 64].
[20] *See* Defendant's Third Motion to Suppress [doc. # 65].

Defendant's arrest was illegal because the arrest warrant was defective and there was a lack of probable cause to arrest Defendant without a warrant.[21]

WHEREFORE, Defendant, JAMARVIN K. JACKSON, respectfully prays that this Court grant his objections, decline to adopt the Report & Recommendation, and suppress all evidence seized in this case.

RESPECTFULLY SUBMITTED,

*/s/ Chad C. Carter*
CHAD C. CARTER
La. Bar Roll No. 29790
PARKER ALEXANDER, LLC
2503 Ferrand Street
Monroe, LA 71201
TEL (318) 322-7373
FAX (318) 322-1461
Chad@ParkerAlexander.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2020, a copy of the foregoing Defendant's Objections to the Magistrate Judge's Report & Recommendation was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Ms. Cytheria D. Jernigan, Assistant United States Attorney, and Mr. Robert Noel, attorney for co-defendant James R. Blackson, by operation of the court's electronic filing system.

*/s/ Chad C. Carter*
CHAD C. CARTER
La. Bar Roll No. 29790
PARKER ALEXANDER, LLC
2503 Ferrand Street
Monroe, LA 71201
TEL (318) 322-7373
FAX (318) 322-1461
Chad@ParkerAlexander.com

---

[21] *See* Defendant's Motion to Suppress Arrest Warrant and Request for *Franks* Hearing [doc. # 69], pp. 1-4.